Filed 5/23/13

# TO BE PUBLISHED IN THE OFFICAL REPORTS

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

## CERTIFIED FOR PUBLICATION

### APPELLATE DIVISION OF THE SUPERIOR COURT

### OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LUCIA MUNOZ, | BV 030037 |
| Plaintiff and Respondent, | Central Trial Court |
| v. | No. 12U06237 |
| ELVA SILVA, | |
| Defendant and Appellant. | **OPINION AND JUDGMENT** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Central Trial Court, Stephanie M. Bowick, Judge. Reversed.

No appearance for Plaintiff and Respondent.

Daniel J. Bramzon and Sarah Truesdell Shipitsyna of BASTA, Inc. for Defendant and Appellant.

\* \* \*

Defendant and tenant Elva Silva appeals the judgment entered in favor of plaintiff and landlord Lucia Munoz. Defendant contends that the trial court deprived her of her constitutional right to a trial by jury. We agree and, accordingly, reverse.

1

On May 16, 2012, plaintiff filed an unlawful detainer action against defendant. On May 29, 2012, defendant filed her answer, a demand for jury trial and a Request to Waive Court Fees. The waiver was granted but it did not include a waiver of jury fees and expenses. On May 30, 2012, the court granted defendant's Request to Waive Additional Court Fees that specifically included jury fees and expenses.

On July 6, 10, and 11, 2012, the cause was called for a jury trial.[2] With regard to the jury fee issue, the record of the oral trial proceedings as certified by the trial court provides as follows: "The Court asks Defense Counsel if the jury fees had been posted as requested by the Court Clerk. Defense Counsel again reiterates that there is no need to post jury fees since the fee waiver for additional expenses, which dealt with the jury expenses, had been granted. The Court demands that jury fees be posted by 12:00 pm. The Court declares that the matter will become a bench trial if fees are not posted. Defense Counsel again reiterates that the jury fees have been waived by the appropriate waiver and that the courthouse is no longer refunding any posted jury fees. Defense Counsel informs the Court Clerk, around 12:00 pm, that the courthouse has not been refunding the posted jury fees even after the appropriate fee waivers have been granted because of a June 27th order on advanced jury fees. Trial recommenced at 1:30 pm and the Court finds that the jury trial has been waived because the fees were not posted."

The record, as certified by the trial court, further provides that: "The Court stated that the Court Administration policy regarding jury fees at the time this case came to trial was that each party demanding a jury trial must deposit advance jury fees with the clerk at least 5 (five) days before trial for unlawful detainer cases, *regardless if a fee waiver was granted*, pursuant to Code of Civil Procedure Section 631(b). Requests for refunds for the posted fees due to the

---

[1] We limit our recitation of the facts to those relevant to the issue raised on appeal.

[2] According to the Register of Actions, on June 15, 2012, the court issued and mailed a notice of trial indicating that a "non-jury trial" was set for June 27, 2012. The Clerk's Minutes reflect that the cause was called for a jury trial on July 6, 2012.

granting of a waiver must be filed by the party requesting such and are processed separately. The Court ruled that the Defendant was required to post the advance jury fee deposit by June 27, 2012, but failed to do so. As a result, on July 10, 2012, the Court ruled that under Code of Civil Procedure Section 631(d)(5), the Defendant had waived jury trial by failing [to] deposit the advance jury fees as provided in subdivision (b)." (Italics added.)[3] Thereafter, the cause proceeded as a court trial. On July 12, 2012, the court entered judgment in favor of plaintiff for restitution and possession of the premises, $3,000 in rent due, $1,399.86 in statutory damages, and forfeiture of the lease. This timely appeal followed.

## DISCUSSION

Defendant contends the court erred by declaring she waived her right to a jury trial when she failed to post jury fees, since the court had already granted her a waiver of the obligation to pay jury fees and expenses. We find this contention meritorious.

The right to a jury trial in civil cases is guaranteed by the California Constitution, article I, section 16. This right is specifically granted in unlawful detainer actions by Code of Civil Procedure section 1171. In May 2012, when defendant requested a jury trial and obtained a court order wherein her obligation to pay jury fees and expenses was waived, Code of Civil Procedure section 631, subdivision (a) read as follows: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (d)." In May 2012, subdivision (d) provided in relevant part as follows: "A party waives trial by jury in any of the following ways: . . . [¶] (5) By failing to deposit with the clerk, or judge, advance jury fees as provided in subdivision (b). . . ." (Former Code Civ. Proc., § 631, subd. (d).) Furthermore, in May 2012, subdivision (b) provided in relevant part as follows: "Each party demanding a jury trial shall deposit advance jury fees with the clerk or judge. The total amount of the advance

---

[3] The Clerk's Minutes for July 10, 2012, describe the proceedings concerning the jury fee issue as follows: "Defendant is ordered to post jury fees and provide proof by 11:55 a.m. [¶] Defendant fails to post jury fees by 11:55 a.m. The court deems the right to jury trial waived."

3

jury fees may not exceed one hundred fifty dollars ($150) for each party. . . . [I]n unlawful detainer actions the fees shall be deposited at least five days before the date set for trial."

Effective June 27, 2012, section 631[4] was amended by Senate Bill 1021.[5]  There is nothing in the amended or former statute indicating that the jury fee posting requirement of section 631, subdivision (b) was intended to override a fee waiver.

Under the general settled canons of statutory construction, we ascertain the Legislature's intent by starting with the words of the statute and giving the words their usual and ordinary meaning.  (*DaFonte v. Up-Right, Inc.* (1992) 2 Cal.4th 593, 601.)  The plain language of the statute controls the court□s interpretation unless the words are ambiguous.  So long as the plain language of the statute is unambiguous, the court need not, and should not, "go beyond that pure expression of legislative intent. [Citation.]"  (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)  Under such circumstances, our inquiry ends and we presume that the Legislature meant what it said and that the plain meaning of the statute governs.  (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047.)

We find defendant's contention meritorious in that there is nothing in section 631 to indicate that the Legislature intended to require a party who obtained a waiver of jury fees and expenses to nevertheless post a nonrefundable fee of $150 as a prerequisite to obtaining a trial by jury.  However, had the Legislature intended to override previously secured waivers pertaining to jury fees, it would have stated as much.  Since the language of section 631 is otherwise clear and unambiguous, there is no need for judicial construction and our inquiry ends.  (*Diamond Multimedia Systems, Inc. v. Superior Court, supra,* 19 Cal.4th at p. 1047.)

---

[4]  Unspecified statutory references are to the Code of Civil Procedure.

[5]  Senate Bill 1021 amended section 631 to read in relevant part as follows: "A party waives trial by jury in any of the following ways: . . . [¶] (5) By failing to timely pay the fee described in subdivision (b), unless another party on the same side of the case has paid that fee. . . ."  (§ 631, subd. (f).)  It further amended the statute in relevant part as follows:  "(b) At least one party demanding a jury on each side of a civil case shall pay a *nonrefundable fee* of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case.  The fee shall offset the costs to the state of providing juries in civil cases. . . . [¶] (c) . . . (1) In unlawful detainer actions, the fees shall be due at least five days before the date set for trial."  (§ 631, subds. (b) & (c), italics added.)

4

Accordingly, the trial court erred when it added language to the statute that was not intended by the Legislature.

The trial court deprived defendant of her constitutional right to a jury trial. Such deprivation constitutes a miscarriage of justice and reversible error per se without the need to demonstrate actual prejudice. (*Collins Development Co. v. D.J. Plastering, Inc.* (2000) 81 Cal.App.4th 771, 778, and cases cited therein.)

DISPOSITION

The judgment is reversed and the matter is remanded for a new trial. Defendant to recover costs on appeal.

_____
P. MCKAY, P. J.

WE CONCUR.

_____
KEOSIAN, J.

_____
RICCIARDULLI, J.